## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CORNERSTONE CHEMICAL COMPANY** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**UNITED STATES** )<br>)<br>**Defendant.** ) | **Court No. 25-00021** |

## <u>COMPLAINT</u>

Plaintiff Cornerstone Chemical Company ("Cornerstone"), by and through its attorneys, alleges and states as follows:

## <u>JURISDICTION</u>

1.      This action challenges the termination by the U.S. International Trade Commission ("Commission") of its antidumping injury investigation into melamine from Qatar. Notice of this termination was published in the *Federal Register* on December 20, 2024. *See Melamine from Qatar; Termination of Investigation,* 89 Fed. Reg. 104,206 (Int'l Trade Comm'n Dec. 20, 2024).

2.      The Commission terminated its antidumping investigation into melamine from Qatar because the U.S. Department of Commerce ("Commerce") made a negative final determination in its antidumping investigation of melamine from Qatar, as published in the *Federal Register*. *See id.* ("On December 9, 2024, the Department of Commerce published notice in the Federal Register of a negative final antidumping duty determination in connection with the subject investigation concerning Qatar.  Accordingly, the antidumping duty investigation concerning melamine from Qatar (Investigation No. 731–TA–1671 (Final)) is terminated."); *see also Melamine From Qatar: Final Negative Determination of Sales at Less*

*Than Fair Value and Final Negative Determination of Critical Circumstances*, 89 Fed. Reg. 97,592 (Dep't Commerce Dec. 9, 2024).

3.      Cornerstone has separately challenged Commerce's negative final determination in its antidumping investigation involving melamine from Qatar. *See Cornerstone Chemical Company v. United States,* Ct. No. 25-00005.  However, because the Commission has terminated  its antidumping injury investigation with respect to Qatar, it cannot make an affirmative determination that an industry in the United States is materially injured or threatened with material injury by reason of dumped imports of melamine from Qatar. *See* 19 U.S.C. § 1673d(b)(l).  Without such a finding, Commerce would not be able to implement an antidumping duty order on melamine from Qatar if Cornerstone prevails in its pending appeal of Commerce's negative determination. *See* 19 U.S.C. § 1673d(c)(2) (providing that affirmative final determinations by both Commerce and the Commission are necessary for the issuance of an antidumping duty order).  As a practical matter, therefore, the Commission's termination of its investigation constitutes a final negative determination by the Commission under 19 U.S.C. § 1673d(b)(1).

4.      This action is commenced under 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 19 U.S.C. § 1516a(a)(2)(B)(ii), which govern appeals of negative final determinations by the Commission  under 19 U.S.C. § 1673d.  Accordingly, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(c), which vests the Court with exclusive jurisdiction over civil actions commenced under 19 U.S.C. § 1516a. *See Ereğli Demir ve Çelik Fabrikaları T.A.Ş. v. United States Int'l Trade Comm'n* , 723 F. Supp. 3d 1354, 1368-1369 (CIT 2024) (citing previous, concurrent appeals under 28 U.S.C. § 1581(c) of a Commerce negative final antidumping determination and a consequent Commission termination of its antidumping

2

investigation with respect to oil country tubular goods from Saudi Arabia for the proposition that jurisdiction "could have been available" under 28 U.S.C. § 1581(c) in the case at issue).

5.      In the alternative, Cornerstone alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i).  This provision applies to cases that are not reviewable under 19 U.S.C. § 1516a, but which otherwise arise out of any law of the United States providing for (1) revenue from imports or tonnage; (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; or (3) the administration and enforcement of such matters.  Pursuant to 28 U.S.C. § 1581(i), this Court has exclusive jurisdiction over such matters.  Thus, even assuming *arguendo* that this Court does not have jurisdiction pursuant to 28 U.S.C. § 1581(c), it would have jurisdiction pursuant to 28 U.S.C. § 1581(i).

## STANDING

6.      Plaintiff Cornerstone is a domestic manufacturer of melamine, the domestic like product, and is therefore an interested party as defined in 19 U.S.C. § 1677(9)(C).

7.      As described above, this appeal is brought pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 158l(c).  Cornerstone was a party to the administrative proceeding that resulted in the contested determination, and Cornerstone participated in that proceeding by, *inter alia*, filing briefs with the Commission.  Cornerstone is therefore entitled to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

8.      Alternatively, if the Court exercises jurisdiction over this proceeding pursuant to 28 U.S.C. § 1581(i), Cornerstone has standing to bring this action under 28 U.S.C. § 2631(i). That provision states that any civil  action over which this Court has jurisdiction – other than actions specified in 28 U.S.C. §§ 263l(a)-(h) – "may be commenced in the court by any person

adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i).  Given that it is a domestic producer of melamine that has sought relief from unfairly traded and injurious imports of melamine from Qatar, Cornerstone is aggrieved by the Commission's termination of its investigation, which could preclude the imposition of antidumping duties on imports of melamine from Qatar if Cornerstone prevails in its appeal of Commerce's negative final antidumping determination with respect to those same imports.

## TIMELINESS OF THE ACTION

9.    The Commission's termination of its antidumping investigation into melamine from Qatar was published in the *Federal Register* on December 20, 2024.  *See Melamine from Qatar; Termination of Investigation,* 89 Fed. Reg. 104206 (Int'l Trade Comm'n Dec. 20, 2024).

10.    As shown above, this Court has jurisdiction based on 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).  Cornerstone is timely filing this complaint and the accompanying summons within 30 days of the publication of the notice of the contested termination, in accordance with 19 U.S.C. § 15l6a(a)(2)(A), as well as Rule 3(a)(2) of this Court.

11.    Alternatively, if the Court exercises jurisdiction over this proceeding pursuant to 28 U.S.C. § 1581(i), Cornerstone is timely filing this complaint and the accompanying summons within two years of the publication of the contested termination, in accordance with 28 U.S.C. § 2636(i).

## PROCEDURAL HISTORY

12.    On February 14, 2024, Cornerstone filed antidumping and countervailing duty petitions with Commerce and the Commission alleging that a domestic industry was materially injured or threatened with material injury by reason of unfairly traded imports of

melamine from Germany, India, Japan, the Netherlands, Qatar, and Trinidad and Tobago. With respect to imports of melamine from Qatar, Cornerstone petitioned for both antidumping duties and countervailing duties.

13.     On December 2, 2024, Commerce made a negative final determination in its antidumping investigation regarding melamine from Qatar, and this determination was published in the *Federal Register* on December 9, 2024. *Melamine from Qatar: Final Negative Determination of Sales at Less Than Fair Value and Final Negative Determination of Critical Circumstances,* 89 Fed. Reg. 97,592 (Dep't Commerce Dec. 9, 2024). Also on December 9, 2024, Commerce published its affirmative final determination in its countervailing duty investigation of melamine from Qatar. *Melamine From Qatar: Final Affirmative Countervailing Duty Determination and Final Negative Critical Circumstances Determination*, 89 Fed. Reg. 97,593 (Dep't Commerce Dec. 9, 2024).

14.     On December 17, 2024, the Commission terminated its antidumping investigation into melamine from Qatar because Commerce made a negative final determination in its antidumping investigation of melamine from Qatar, and the Commission published this termination notice in the *Federal Register* on December 20, 2024. *Melamine from Qatar; Termination of Investigation,* 89 Fed. Reg. 104,206 (Int'l Trade Comm'n Dec. 20, 2024). However, in a vote on January 7, 2025, the Commission made an affirmative material injury determination in its Qatar countervailing duty investigation, along with affirmative material injury or threat determinations pertaining to imports from Germany, Japan, the Netherlands, and Trinidad and Tobago. Commission Press Release, *Melamine from Germany, Japan, Netherlands, Qatar, and Trinidad and Tobago Injures U.S. Industry, Says USITC* (Jan. 7, 2025). Thus, the Commission found that same imports from Qatar at

issue in its terminated antidumping investigation caused material injury to the U.S. melamine industry for purposes of its Qatar countervailing duty investigation.

15.     On January 8, 2025, Cornerstone appealed Commerce's negative final determination in its antidumping investigation regarding melamine from Qatar by filing a summons with this Court. That appeal is currently before this Court as Court No. 25-00005.

## STATEMENT OF CLAIMS

### First Count

16.     Paragraphs 1-15 are hereby incorporated by reference.

17.     The Commission's December 20, 2024 notice terminating its antidumping investigation into melamine from Qatar, makes clear that this investigation was terminated because of Commerce' negative final antidumping determination, which led to Commerce's termination of its investigation. *See Melamine from Qatar; Termination of Investigation,* 89 Fed. Reg. 104,206 (Int'l Trade Comm'n Dec. 20, 2024); 19 C.F.R. 207.40(a).

18.     Cornerstone has challenged Commerce's negative final determination in a separate appeal to this Court. In that appeal, Cornerstone will demonstrate that Commerce's negative final antidumping determination is not supported by substantial evidence and is otherwise not in accordance with law.

19.     Because Commerce's negative final antidumping determination is not supported by substantial evidence and is otherwise not in accordance with law, the Commission's termination of its own antidumping injury investigation into melamine from Qatar is also not supported by substantial evidence and is otherwise not in accordance with law.

## **DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff Cornerstone respectfully requests that this Court:

1.     Hold and declare that the Commission's termination of its antidumping investigation into melamine from Qatar is not supported by substantial evidence and is otherwise not in accordance with law;

2.     Remand this matter to the Commission for a final antidumping determination with respect to melamine from Qatar; and

3.     Grant such further relief that this Court may deem just and appropriate

Respectfully submitted,

*/s/ Stephen J. Orava*
Stephen J. Orava
Stephen P. Vaughn
Neal J. Reynolds
Patrick J. McLain
Nicholas K. Paster
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500
sorava@kslaw.com

*Counsel for Plaintiff Cornerstone Chemical Company*

Date: January 17, 2025